### 26560. GUNN v. THE STATE.

NICHOLS, Justice. Calvin Gunn was indicted, tried and convicted of the offense of foeticide. The indictment was returned at the November, 1969 term of court and alleged that the crime was committed on November 22, 1969. A motion for new trial was filed and overruled and a motion in arrest of judgment filed. The latter motion was overruled on March 4, 1971, and the present appeal filed. The sole enumeration of error relates to the overruling of the motion in arrest of judgment.

The motion in arrest of judgment is predicated upon the ground that after the effective date of the Criminal Code of Georgia (July 1, 1969), foeticide was no longer a crime in Georgia. *Held*:

1. "Where an offense is charged under a statute . . . the accusation is demurrable if the offense is alleged as having been committed on a day subsequent to . . . [the date the statute was repealed]. Likewise, the conviction of a defendant upon such an accusation would be unwarranted and contrary to law, if the only criminal acts shown by the evidence were done after the

repeal of the law alleged to have been violated." *Draper v. State,* 6 Ga. App. 12 (2) (64 SE 117).

2. "If, however, the allegation that the offense was committed after the law had in fact been repealed is not demurred to, and, upon the trial, evidence is introduced warranting a finding that the defendant committed the offense at a time prior to the repeal, the allegation as to the date becomes immaterial, and the conviction of the defendant is authorized. The allegation that the offense was committed on a day subsequent to the repeal of the law upon which the criminal accusation is based is, in effect, the allegation of an impossible date, and is demurrable; but the defect can not be reached by motion for new trial." *Draper v. State,* supra (3).

(a) "An indictment which charges that the offense was committed on a day subsequent to the finding of the bill will be held bad on special demurrer before pleading to the merits; but following the decisions of this court in cases of *McMath v. State,* 55 Ga. 303, and *Jones v. State,* Id. 625, a motion in arrest of judgment based on this ground comes too late and can not be sustained." *Adkins v. State,* 103 Ga. 5 (1) (29 SE 432).

3. A motion to arrest a judgment reaches only those defects appearing upon the face of the record and the "face of the record" in a criminal case is the indictment, plea, verdict and judgment. Compare *Hall v. State,* 202 Ga. 42, 46 (42 SE2d 130) and cits.

4. While it is well settled that where a statute making described conduct a crime is repealed prior to a final judgment on a conviction, the repeal puts an end to the prosecution, yet where the statute effecting such repeal contains a saving clause the repeal does not affect pending prosecutions. See 22 CJS 88, Criminal Law, § 27.

5. The Act of 1968 (Ga. L. 1968, p. 1249), enacting a new title 26 entitled Criminal Code of Georgia provides in § 26-103: "The provisions of the Title shall govern the construction and punishment of any crime defined in this Title committed on and after the effective date hereof, as well as the construction and application of any defense. The provisions of this Title do not apply to or govern the construction or punishment of any crime

committed prior to the effective date of this Title, or the construction or application of any defense. Such a crime must be construed and punished according to the provisions of the law existing at the time of the commission thereof in the same manner as if this Title had not been enacted."

6. While the date shown on the indictment was at a time after the effective date of the new "Criminal Code of Georgia," yet it was not necessary to a conviction that the evidence disclose the commission of the crime on such date. It could be shown to have been committed at any time within the statute of limitation. See *Code Ann.* § 26-601; *Robinson v. State,* 209 Ga. 650 (7) (75 SE2d 9).

7. Assuming but not deciding that the enactment of the new "Criminal Code of Georgia" had the effect of repealing the statute making foeticide a crime, yet the motion in arrest of judgment, where only the indictment, plea, verdict and judgment can be considered, would not disclose if the evidence showed the crime to be committed prior to or after the effective date of the alleged repeal, and the judgment of the trial court overruling such motion must be affirmed.

*Judgment affirmed. All the Justices concur.*
SUBMITTED JUNE 14, 1971—DECIDED JULY 9, 1971.

*V. D. Stockton,* for appellant.

*Herbert B. Kimzey, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Dorothy T. Beasley, Mathew Robins, Assistant Attorneys General,* for appellee.