43802. ROBINSON v. THE STATE.
(350 SE2d 464)

SMITH, Justice.

We granted certiorari in *Robinson v. State,* 180 Ga. App. 43 (348 SE2d 662) (1985), to consider whether the repeal of a statute (that did not contain a saving clause) after an indictment but prior to trial and conviction rendered a subsequent conviction invalid. We find the answer to be yes, and we reverse.

The appellant was charged on February 5, 1985, with the offense of "Trafficking in Cocaine." The indictment recites in pertinent part that the appellant "unlawfully and knowingly actually possess[ed] more than 28 grams of a mixture containing cocaine, . . ." At the time of the offense and the indictment, OCGA § 16-13-31 (a) provided in part: "Any person who . . . is knowingly in actual possession of 28 grams or more of cocaine *or of any mixture containing cocaine, . . .* commits the felony offense of trafficking in cocaine. . . ." (Emphasis supplied.) The indictment tracked the language of the trafficking in cocaine statute.

Despite compelling arguments in *Lavelle v. State,* 250 Ga. 224

(297 SE2d 234) (1982), that "imposing greater punishment based on the total amount of *mixture* possessed, and not on the total amount of cocaine, is an unconstitutional classification scheme," and that "it is irrational to punish less severely the possessor of 27 grams of pure cocaine than the possessor of 10 grams of cocaine in 20 grams of non-contraband," this court found the scheme to be "rationally related to the objectives of the legislature." Id. at p. 225.

Our courts announced that part of the forbidden conduct under the trafficking in cocaine statute was the possession of *any amount of cocaine in a mixture* in which the total weight of the *mixture* was 28 grams or more. Id.; see also *Belcher v. State*, 161 Ga. 442 (288 SE2d 299) (1982).

On March 27, 1985, the legislature with knowledge of our construction of OCGA § 16-13-31 (a) in *Lavelle*, supra, see *Berman v. Berman*, 253 Ga. 298, 299 (319 SE2d 846) (1984), approved the repeal of subsection (a) and approved a new subsection (a) in lieu thereof. New subsection (a) was, in part, as follows: " '(a) Any person who . . . is knowingly in actual possession of 28 grams or more of cocaine, . . . commits the felony offense of trafficking in cocaine. . . .' " All laws and parts of laws that conflicted with new subsection (a) were specifically repealed in Section 4. (Ga. L. 1985, p. 552, effective July 1, 1985.) The legislature apparently persuaded by *Lavelle's* argument chose to omit the *mixture* language from both the description of the offense of trafficking in cocaine and from the penalty for trafficking in cocaine.

"At common law, the repeal of a criminal statute abated all prosecutions which had not reached final disposition in the highest court authorized to review them. [Cits.] Abatement by repeal included a statute's repeal and re-enactment with different penalties. [Cit.] And the rule applied even when the penalty was reduced. [Cit.] To avoid such results, legislatures frequently indicated an intention not to abate pending prosecutions by including in the repealing statute a specific clause stating that prosecutions of offenses under the repealed statute were not to be abated. [Cit.]" *Bradley v. United States*, 410 U. S. 605, 607-608 (93 SC 1151, 35 LE2d 528) (1973).

In *Gunn v. State*, 227 Ga. 786, 787 (183 SE2d 389) (1971), this court set out the common law doctrine, and the Court of Appeals subsequently relied on *Gunn* in deciding *State v. Fordham*, 172 Ga. App. 853 (324 SE2d 796) (1984); *Davis v. State*, 172 Ga. App. 893 (325 SE2d 926) (1984); and *Chastain v. State*, 177 Ga. App. 236 (339 SE2d 298) (1985).

*Gunn v. State*, supra, is the law in Georgia. When a statute making described conduct a crime is repealed prior to final judgment on a conviction, the repeal ends the prosecution if the legislature has not provided otherwise in a saving clause. Here the legislature repealed

the old law and enacted in its place a new law without including a saving clause. Thus, the appellant's conduct was no longer defined by the legislature as trafficking in cocaine, therefore, the prosecution in this case was at an end before the trial.

*Judgment reversed. All the Justices concur except Marshall, C. J., Weltner and Hunt, JJ., who dissent.*

HUNT, Justice, dissenting.

The 1985 amendment to OCGA § 16-13-31 (a) did not repeal the provisions making possession of cocaine a crime, but merely affected the penalties involved. Consequently, the rule, that repeal of a criminal statute terminates a prosecution under that statute, is inapplicable here. The rationale of that rule is that there has been a change in public policy in decriminalizing particular acts and one accused of such acts should no longer be prosecuted for their commission. No such change in public policy is reflected in this amendment. Possession of cocaine continues to be unlawful.

*Gunn v. State*, 227 Ga. 786, 787 (183 SE2d 389) (1971); *Gunn v. Balkcom*, 228 Ga. 802 (188 SE2d 500) (1972), and *State v. Fordham*, 172 Ga. App. 853 (324 SE2d 796) (1984), represent an entirely different rule of law. There, where the acts *when committed* are not statutorily proscribed, the actor may not be criminally prosecuted for their commission.

I respectfully dissent.

I am authorized to state that Chief Justice Marshall and Justice Weltner concur in this dissent.

DECIDED DECEMBER 3, 1986 —
RECONSIDERATION DENIED DECEMBER 18, 1986.

*Robert E. Andrews,* for appellant.
*Thomas J. Charron, District Attorney,* for appellee.