## 45481. BASSETT v. LEMACKS et al.
(370 SE2d 146)

GREGORY, Justice.

Petitioner Joseph Michael Bassett was convicted of trafficking in cocaine. His conviction was affirmed by the Court of Appeals. *Bassett v. State,* 181 Ga. App. 597 (353 SE2d 48) (1987).[1] Petitioner subsequently filed this application for habeas corpus contending that the statute under which he was convicted had been repealed by the legislature prior to his trial, and he was entitled to habeas corpus relief. The habeas corpus court denied the petition, and this court granted petitioner's application to appeal.

1. The petitioner was indicted on June 14, 1985 for trafficking in cocaine in that on June 6, 1985, he "did knowingly bring into this state and [was] knowingly in actual possession of more than 400 grams of *a mixture containing cocaine.*" (Emphasis supplied.) The evidence at trial showed that at the time of arrest petitioner had in his possession 428 grams of a substance, 342.4 grams of which were pure cocaine. He was convicted of the crime charged on November 14, 1985.

At the time of indictment, June 14, 1985, the trafficking statute, OCGA § 16-13-31 (a), provided that "Any person who. . .is knowingly in actual possession of 28 grams or more of cocaine *or of any mixture containing cocaine.* . .commits the felony offense of trafficking in cocaine. . ." (Emphasis supplied.) Effective July 1, 1985 the legislature amended OCGA § 16-13-31 "by striking subsection (a) of said Code section in its entirety and substituting in lieu thereof a new subsection (a) to read as follows, '(a) Any person who. . .is knowingly in actual possession of 28 grams or more of cocaine. . .commits the felony offense of trafficking in cocaine. . . .'" 1985 Ga. Laws, pp. 552,

---

[1] Petitioner did not raise the issue before us on direct appeal.

553. At the time of petitioner's conviction, November 14, 1985, the new statute was in effect. Petitioner maintains that at the time of his conviction the offense of trafficking was no longer defined by being in actual possession of more than 28 grams of a *mixture* containing cocaine. He argues therefore that he was convicted of an offense which did not exist at the time of his trial.

> [W]here a statute making described conduct a crime is repealed prior to a final judgment on a conviction, the repeal puts an end to the prosecution, yet where the statute effecting such repeal contains a saving clause the repeal does not affect pending prosecutions.

*Gunn v. State*, 227 Ga. 786 (183 SE2d 389) (1971). See also *Gunn v. Balkcom*, 228 Ga. 802 (188 SE2d 500) (1972). The general rule appears to be that

> [a]t common law, the repeal of a criminal statute abated all prosecutions which had not reached final disposition in the highest court authorized to review them. . .Abatement by repeal included a statute's repeal and re-enactment with different penalties. . .To avoid such results, legislatures frequently indicated an intention not to abate pending prosecutions by including in the repealing statute a specific clause stating that prosecutions of offenses under the repealed statute were not to be abated. . . .

*Bradley v. United States*, 410 U. S. 605, 607-8 (93 SC 1151, 35 LE2d 528) (1973); *Robinson v. State*, 256 Ga. 564 (350 SE2d 464) (1986). It is undisputed that the legislature did not enact a savings clause to 1985 Ga. Laws, p. 552. We held under virtually identical facts in *Robinson*[2] that Robinson's prosecution was at an end before the trial. That was so because the offense of trafficking was no longer defined by "actual possession of 28 grams or more. . . . of *any mixture containing cocaine.*" (Emphasis supplied.) Likewise, in *Gunn v. Balkcom*, supra, the petitioner was convicted of feticide in 1970 for an act which allegedly occurred in November 1969. On July 1, 1969 a new criminal code became effective in Georgia. The new code did not contain a law prohibiting feticide. On petition for habeas corpus this court held that in amending the criminal code effective July 1, 1969, the legislature intended to repeal the entire Criminal Code of 1933,

---

[2] Robinson was indicted on February 5, 1985 for trafficking in cocaine in that he "unlawfully and knowingly possessed more than 28 grams of a mixture containing cocaine. . ." He was convicted under this indictment on July 19, 1985. On July 1, 1985, Ga. Laws 1985, p. 552, defining trafficking as "actual possession of 28 grams or more of cocaine," became effective.

including the prohibition against feticide.[3] The court held that as there was no law defining the crime of feticide at the time of petitioner's conviction, his conviction must be set aside.

The same rationale applies in the case before us. At the time of the offense OCGA § 16-13-31 (a) defined two methods of committing the crime of trafficking in cocaine. One dealt with pure cocaine and the other with mixtures containing cocaine. By amending the trafficking statute to define the crime as "actual possession of 28 grams or more of cocaine," the legislature demonstrated an intent to repeal that portion of the trafficking statute which defined the crime as "actual possession of 28 grams or more. . .of any mixture containing cocaine. . ." The petitioner is being held under an illegal sentence and must be discharged.

Understanding the rule of abatement of prosecution by repeal of a criminal statute becomes easier by examining a series of illustrations.

Question 1: The legislature repeals a criminal law on Day 1 and enacts a slightly modified version of that law one year later on Day 2. If after Day 1, but prior to Day 2, a person commits acts which would have made out the criminal offense under the repealed statute, may he be convicted? No. No crime has been committed because the conduct is not proscribed by the legislature.

Question 2: The person commits the proscribed conduct before Day 1. He is indicted after Day 1, but prior to Day 2. Is he entitled to have his indictment quashed? Yes. See *Gunn v. State,* 227 Ga., supra, and *Gunn v. Balkcom,* supra.

Question 3: The person commits the proscribed acts prior to Day 1, is indicted and convicted before Day 1 and the conviction is on appeal on Day 1. Will his conviction stand? No, he is entitled to raise this issue on direct appeal and have the conviction set aside. See *Mason v. Carter,* 223 Ga. 2 (153 SE2d 162) (1967).

Question 4: The person commits the formerly proscribed acts after Day 1, but prior to Day 2. The new version of the statute outlawing the proscribed acts goes into effect on Day 2. May he be prosecuted under the new version? No. See 1983 Georgia Constitution, Art. I, Sec. I, Par. X.

When there is a gap between the repeal of a criminal statute and the enactment of a modified version of that statute, the rule regarding abatement of prosecution is clear. It is where the legislature repeals a statute and reenacts a modified version of that statute on the same day that application of the rule is conceptually difficult.

---

[3] "The Code of Georgia of 1933 is hereby amended by striking Title 26, relating to crimes and punishment, in its entirety and inserting in lieu thereof a new Title 26. . . ." Ga. Laws 1969, pp. 857, 858.

Here the petitioner was charged with and convicted of a crime which did not exist at the time of conviction. That he might have been guilty of a crime for which he was neither charged nor tried does not change the result in this case.

2. The state argues vigorously that the offense of trafficking has always included the conduct of being in actual possession of 342.4 grams of cocaine, as was the petitioner in this case. This argument skirts the fact that the conduct with which petitioner was charged and convicted, "actual possession of more than 400 grams of a *mixture containing cocaine. . .*" was no longer a crime at the time petitioner was convicted. It is true that petitioner could have been indicted and convicted under OCGA § 16-13-30 for possession of a controlled substance, and that he could have been indicted and convicted of trafficking in cocaine under OCGA § 16-13-31 (a) in that he had "actual possession of more than 28 grams of cocaine." He was not, however, indicted and tried for either of these crimes.

A look at the entire statutory scheme of crimes involving controlled substances sheds some light on the issue. OCGA § 16-3-30 (a) makes the mere possession of any amount of a controlled substance a crime and prescribes a certain penalty. OCGA § 16-13-30 (b) prohibits the manufacture, delivery, distribution, dispensing, administering, selling, or possession with intent to distribute any amount of a controlled substance and provides a greater penalty than (a). OCGA § 16-13-31 aims at a yet more serious offense and calls it "trafficking." The penalties are still greater. There are a number of ways the legislature might have defined trafficking. The definition might have been given in terms of dealing in a large number of drug transactions. Perhaps the amount of money involved could have been the test. Instead, the amount of controlled substance was chosen as the basis for distinguishing the crime of trafficking from the somewhat less serious crimes. Twenty-eight grams was chosen as the dividing line.

Then came the question whether a mixture containing some cocaine ought to be included in the definition even where the actual amount of cocaine might be less than 28 grams. At first the legislature decided to include mixtures. See Ga. Laws 1982, p. 2215. That was the version of the statute in effect at the time of the crime in this case. It was repealed. Perhaps it was thought more consistent with the overall scheme to look only to the total amount of cocaine. We note the statute has since been changed so that a mixture is once more one of the definitions of the crime of trafficking, but it must consist of 10% or more of cocaine. Ga. Laws 1986, p. 10, § 16(4) and p. 397, § 1.

The important thing supporting the rationale of this opinion is that the very definition of the crime of trafficking is based on the amount of the controlled substance involved. A change in the amount

of controlled substance or a decision to include mixtures alters the very definition of the crime which distinguishes it from other drug-related offenses.

*Judgment reversed. All the Justices concur, except Marshall, C. J., and Weltner, J., who dissent.*

WELTNER, Justice, dissenting.

1. The undisputed facts of this case are:

(a) On June 6, 1985, Bassett had in his possession 428 grams of a substance, 342.4 grams of which was pure cocaine.

(b) On that date, OCGA § 16-13-31 (a) based the offense of trafficking in cocaine upon possession of "28 grams or more of cocaine or of any mixture containing cocaine."

(c) On June 14, 1985, Bassett was indicted for trafficking in cocaine. The indictment charged that on June 6, 1985, he had in his possession "more than 400 grams of a mixture containing cocaine."

(d) On July 1, 1985, an amendment to OCGA § 16-13-31 became effective, changing one of the elements of the crime of trafficking in cocaine to "possession of 28 grams or more of cocaine." 1985 Ga. Laws, pp. 552, 553.

(e) On November 14, 1985, Bassett was convicted of trafficking in cocaine, under the indictment returned against him on June 14, 1985. The evidence established that on June 6, 1985, Bassett was in possession of 428 grams of a substance, 342.4 grams of which was pure cocaine.

2. From this outline of the facts, it should be plain that, at all times material, it has been a serious felony under the laws of Georgia for a person to possess 342.4 grams of pure cocaine.

That proposition pertains to the dates of June 6, 1985; June 14, 1985; July 1, 1985; and November 14, 1985. It holds alike to every day that has passed since Bassett was arrested — just as it holds on the date of this opinion.

3. Because the General Assembly did not *repeal* the trafficking in cocaine statute but merely amended it, *Gunn v. State*, 227 Ga. 786 (183 SE2d 389) (1971), and *Gunn v. Balkcom*, 228 Ga. 802 (188 SE2d 500) (1972), do not apply. Legislative enactment must be accorded its reasonable intendment. Surely, no one would suggest that the General Assembly, merely by amending the definition of the trafficking statute, *intended* the result of the majority opinion.

I am authorized to state that Chief Justice Marshall joins in this dissent.

DECIDED JULY 1, 1988.

*Steven E. Lister,* for appellant.

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney, Michael J. Bowers, Attorney General, William F. Amideo, Assistant Attorney General,* for appellees.