## 46001. BLACKSHEAR v. WHARTON.
(370 SE2d 152)

SMITH, Justice.

Applicant James Blackshear filed an appeal from the superior court's denial of his petition for a writ of habeas corpus. We granted an application and now reverse the trial court's denial of the writ and also reverse the applicant's conviction.

The general rule is that "the repeal of a criminal statute abate[s] all prosecutions which [have] *not reached final disposition in the highest court authorized to review them. . ." Bassett v. Lemacks,* 258 Ga. 367, 368 (370 SE2d 146) (1988).

The applicant was indicted for "unlawfully and knowingly deliver[ing] a quantity of a mixture containing Cocaine as described in Schedule II of the Georgia Controlled Substances Act and the weight of said quantity was in excess of 28 grams." He was found guilty on July 19, 1984.

At the time of the indictment and trial the trafficking statute, OCGA § 16-13-31 (a) provided that any person who was knowingly in actual possession of 28 grams or more of cocaine or of any mixture containing cocaine committed the felony offense of trafficking in cocaine. However, effective July 1, 1985,[1] the new statute deleted the mixture language and trafficking in cocaine was no longer defined as being in possession of "any mixture containing cocaine."

The July 1, 1985, effective date occurred prior to the time that applicant's appeal had reached final disposition in the Court of Appeals on October 22, 1985. The repeal of the statute abated the prosecution as it had not reached final disposition in the highest court. *Bassett v. Lemacks,* supra at p. 368.

*Judgment denying the writ reversed, and conviction reversed. All the Justices concur, except Marshall, C. J., and Weltner, J., who dissent, and Hunt, J., not participating.*

WELTNER, Justice dissenting.

I dissent on the same grounds as contained in my dissent in *Bassett v. Lemacks,* 258 Ga. 367 (370 SE2d 146) (1988).

I am authorized to state that Chief Justice Marshall joins in this dissent.

DECIDED JULY 15, 1988.

James Blackshear, *pro se.*
*Michael J. Bowers, Attorney General, J. Michael Davis, Assis-*

---

[1] There was no prosecutorial saving clause in the statute repealing the mixture language.

*tant Attorney General,* for appellee.