Guillermo **GONZALEZ,** Petitioner–
Appellant,

v.

Richard L. **ABBOTT,** Warden,
Respondent–Appellee.

No. 90–8280.

United States Court of Appeals,
Eleventh Circuit.

Aug. 6, 1992.

C. King Askew, Brinson, Askew & Berry, Rome, Ga. (Court-appointed), for petitioner-appellant.

Paula K. Smith, Asst. Atty. Gen., Susan V. Boleyn, Sr. Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before TJOFLAT, Chief Judge, BIRCH, Circuit Judge, and RONEY, Senior Circuit Judge.

BIRCH, Circuit Judge:

Guillermo Gonzalez, a Georgia prisoner, was convicted of conspiracy to traffic in cocaine and marijuana and convicted in a separate trial of influencing a witness. In the present petition for habeas corpus relief under 28 U.S.C. § 2254 (1988), Gonzalez challenges his drug conviction on 33 separate grounds and his conviction for influencing a witness on four grounds. Based on our review, we AFFIRM the denial of relief with respect to numerous claims. However, we also find it incumbent upon us to CERTIFY to the Supreme Court of Georgia questions governing our determination of the remaining issues.

## I.

Gonzalez was indicted with sixteen others in 1983 for conspiracy to traffic in cocaine and marijuana following a police investigation involving extensive electronic surveillance and the seizure of drugs from

Gonzalez's residence. Prior to his trial on those charges, the petitioner was charged with influencing a witness under an additional indictment alleging that he intended to deter a co-conspirator from testifying against him at the conspiracy trial. The petitioner received a sentence of 16 years imprisonment and a fine of $250,000.00 on the cocaine conspiracy conviction and a concurrent sentence of 10 years imprisonment and a fine of $25,000.00 on the marijuana conspiracy conviction. These convictions and sentences were affirmed on direct appeal. *Gonzalez v. State*, 175 Ga.App. 217, 333 S.E.2d 132 (1985). In addition, Gonzalez was convicted at trial for influencing a witness and sentenced to a concurrent term of three years imprisonment. This conviction, too, was upheld on appeal. *Gonzalez v. State*, 175 Ga.App. 184, 332 S.E.2d 904 (1985).

Through trial counsel, Gonzalez filed a petition for a writ of habeas corpus in the Georgia courts. After an evidentiary hearing, the state court denied relief, finding that the petition constituted an attempt to relitigate issues identical to those raised on direct appeal. Nonetheless, the petitioner twice more attacked his conspiracy convictions in state court. In his initial *pro se* petition, he alleged 16 grounds for relief;

the state court found 15 of these issues "successive" under Georgia habeas law, in that they reasonably could have been presented in the first petition. *See* O.C.G.A. § 9–14–51 (Michie 1982). However, the court did hold an evidentiary hearing to assist a determination on the non-successive claim of ineffective assistance of counsel. The court denied relief. Finally, petitioner filed, *pro se*, a third petition in state court wherein he presented a single question of law pertaining to the repeal of Georgia's cocaine trafficking statute—an issue which we revisit at some length today. *See* O.C.G.A. 16–13–31(a) (Michie 1988 & Supp.1991). This petition was dismissed as successive. With respect to each *pro se* petition, the Georgia Supreme Court denied a certificate of probable cause to appeal.

## II.

In 1988, the petitioner filed the federal petition now before us, alleging that his conspiracy convictions violated his constitutional rights on 33 grounds and that his conviction for influencing a witness violated his constitutional rights on four grounds.[1] The magistrate, in a report adopted (and supplemented) by the district

1. Gonzalez's extensive factual allegations can be summarized generally as 37 claims for relief, with the first 33 being pertinent to the cocaine and marijuana conspiracy convictions, and the last four relevant to the conviction for influencing a witness. Gonzalez alleges that:

   1. Petitioner's conviction was secured through the prosecutor's knowing use of false testimony.
   2. Petitioner was subjected to cruel and unusual punishment in retaliation for his refusal to plead guilty.
   3. Petitioner, by virtue of his separate sentences for the cocaine and marijuana conspiracies, was twice sentenced for the same crime (a single conspiracy).
   4. Petitioner was not provided stenographic translations in violation of the government's discovery obligations; also, these materials were not "sealed" at his request. Accordingly, they should not have been admitted into evidence.
   5. Evidence obtained from a wiretap of co-conspirator Orlando Milliam's telephone should have been suppressed due to a lack of probable cause for the search warrant authorizing that surveillance.

   6. Evidence obtained from a wiretap of the petitioner's telephone should have been suppressed due to a defective affidavit submitted in support of the search warrant authorizing that surveillance.
   7. Evidence obtained from a wiretap of the petitioner's telephone should have been suppressed due to the limitations in geographic authority of the district attorney who sought that wiretap, and due to other defects in the application.
   8. Georgia case law adverse to the petitioner's argument in claim seven should be overturned.
   9. Evidence obtained from a wiretap of the petitioner's telephone should have been suppressed because a police officer prompted the telephone company to install a line needed for surveillance prior to the district attorney's application to conduct electronic surveillance.
   10. Evidence obtained from a wiretap of the petitioner's telephone should have been suppressed because the police began surveillance prior to the time authorized by the warrant.
   11. Evidence obtained from a wiretap of the petitioner's telephone should have been suppressed because the police used an interceptor

court, determined that the petitioner's allegations provided no basis for relief. In so concluding, the magistrate found each asserted ground either procedurally defaulted or legally meritless. The petitioner purports not to waive in this appeal any of the grounds asserted below. *See* Pet.Initial Br. at 15. The numerous arguments he urges on appeal require us to decide, *inter alia*, whether the district court properly determined that:

device and tape recorder in a manner violative of the relevant judicial order.

12. Evidence obtained from a wiretap of the petitioner's telephone should have been suppressed because investigators failed to comply with guidelines set forth at 18 U.S.C. § 2518 and O.C.G.A. 16–11–64(8).

13. Evidence obtained from a wiretap of the petitioner's telephone should have been suppressed due to the failure of the investigators to report to the judge issuing the underlying warrant within 30 days, and because of other technical violations.

14. The district attorney's delegation of responsibility to obtain the wiretap exceeded lawful authority.

15. Evidence obtained from the wiretaps of the telephones of Felipe Santamaria and Victor Capote should have been suppressed.

16. Petitioner's Fourth Amendment rights were violated by the use of a "pen register device" in monitoring his telephone without a court order.

17. The search of the petitioner's home was unconstitutional because the warrant for that search misidentifies the officer serving as affiant in support of the warrant, because the scope of the search exceeded items in plain view, and because probable cause for the warrant was based on evidence obtained from the assertedly tainted wiretap.

18. Petitioner suffered a deprivation of Sixth and Fourteenth Amendment rights because he was unable to confront a person—identified only as reliable informant—whose information was relied upon in the application for a warrant for electronic surveillance.

19. Petitioner was tried in an improper venue.

20. Evidence adduced at the conspiracy trial was insufficient to support the verdict.

21. Petitioner's due process and equal protection rights were violated by the court's permitting of testimony by co-conspirator Victor Capote as to his opinion about certain documents found in the petitioner's home.

22. Petitioner was deprived of a fair trial by the admission into evidence of a kilo of cocaine which had been suppressed with respect to a co-conspirator.

23. Petitioner's constitutional rights were violated by the failure of the Georgia Supreme Court to nullify his conviction for conspiracy to traffic in cocaine following the repeal of O.C.G.A. 16–13–31(A).

24. Petitioner's due process and equal protection rights were violated by the court's admission of the testimony of alleged co-conspirators, allegedly without the government having first established a prima facie case of conspiracy.

25. Petitioner's due process and equal protection rights were violated by the denial of a motion for mistrial following the government's alleged failure to disclose material evidence to the defense.

26. Petitioner's due process and equal protection rights were violated when the assistant district attorney was permitted to testify regarding the chain of custody of certain evidence and not disqualified from prosecuting the case.

27. Petitioner's Fifth and Fourteenth Amendment rights were violated at the conspiracy trial by the introduction of statements concerning his attempt to influence a witness.

28. Petitioner's Sixth and Fourteenth Amendment rights were violated when a state witness was permitted to testify in Spanish, despite that witness' alleged familiarity with English.

29. The trial was tainted by juror misconduct, inasmuch as affidavits taken from jurors indicated that: 1) a juror referred to a legal dictionary during deliberations; 2) that same juror claimed to have been informed about the elements of conspiracy by a judge whom she knew; and 3) the bailiff told the jurors that the petitioner had been convicted in a related case.

30. Petitioner's Fourteenth Amendment rights were violated by the trial judge's prejudicial comments throughout the conspiracy trial.

31. Numerous plainly erroneous jury charges denied the petitioner due process and subjected him to double jeopardy.

32. Petitioner received constitutionally ineffective assistance of counsel at trial, in his direct state appeals, and in his first state habeas petition.

33. Petitioner's due process and equal protection rights were violated by the denial of appointed counsel to represent him in his state habeas petitions.

34. Petitioner was entitled to a directed verdict on the indictment for influencing a witness, because the state's evidence was subject to misinterpretation and the testimony presented was not credible.

35. Petitioner was denied due process and subjected to double jeopardy by the introduction of evidence from the conspiracy trial at the trial for influencing a witness.

36. Petitioner was denied due process and subjected to double jeopardy by the introduction of evidence at the trial for influencing a witness relevant to the conspiracy which was unauthenticated or more prejudicial than probative.

37. The jury charges given exceeded the scope of the petitioner's indictment for influencing a witness and were therefore plainly erroneous.

(1) objections contained in grounds 28, 30, and 31 were procedurally defaulted because the petitioner has failed to demonstrate cause and prejudice to excuse the lack of contemporaneous objection at trial;

(2) Gonzalez's challenge to the sufficiency of the evidence was without merit (*see* ground 20);

(3) Gonzalez's challenge to the admission of the testimony of several co-conspirators was without merit (*see* ground 24);

(4) there was no merit to Gonzalez's allegations of discovery violations by the government as the allegations failed to establish any constitutional infirmity resulting therefrom (*see* grounds 4, 25);[2]

(5) the prosecutor's testimony as to formal matters did not warrant disqualification (*see* ground 26);

(6) the juror misconduct claim was without merit (*see* ground 29);

(7) Gonzalez was subjected to no double jeopardy (*see* grounds 3, 31, 35, 36);

(8) Gonzalez's claim of ineffective assistance of counsel at trial and on direct appeal was without merit based on the application of the presumption of correctness to state court factual findings (*see* ground 32);[3]

(9) Gonzalez was denied due process by neither the ineffective assistance of counsel in his first state habeas proceeding nor the denial of appointed counsel in his second and third state habeas proceedings (*see* grounds 32, 33);[4]

(10) the Fourth Amendment claims set out in grounds 4, 7, 8, 10, 11, 12, 13, 14, 15, and 17 were barred by the rule that Fourth Amendment challenges are generally foreclosed where the defendant received a full and fair opportunity in the state courts to litigate these contentions (*see Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976));

(11) grounds 1, 2, 3, 5, 6, 9, 16, 18, 19, 21, 22, and 27 were procedurally defaulted because they were raised for the first time in Gonzalez's second, successive state habeas petition;

(12) the four challenges pertaining to Gonzalez's conviction for influencing a witness were without merit (*see* grounds 34–37); and

(13) the magistrate's report was correct notwithstanding Gonzalez's allegation that the magistrate had conducted no *de novo* review of the record.

We have thoroughly reviewed the petitioner's claims and find that the district court's denial of relief was proper as to these issues. Therefore, we affirm the district court's conclusions in regard to these grounds.

However, the petitioner has raised an argument implicating an uncharted area of Georgia law which precludes a complete disposition of his petition at this juncture.

**2.** The adopted report expressly refers only to ground 25 in this connection. Nevertheless, the related allegations contained in ground 4 are answered by this same discussion.

**3.** We note that the magistrate's report, adopted by the district court, relied upon the state court factual findings on the issue of ineffective assistance of counsel. One of these findings was that trial counsel reserved her right to raise objections to the jury charges on direct appeal. *See* Magistrate's Order, R2–34–22–23, 24. In fact, the record shows that counsel reserved her objection only to one repeated charge and waived objections to all other charges. *See* Resp.Exh. 1J at 982, 994; *Gonzalez*, 333 S.E.2d at 139. The record does not, however, evidence ineffective assistance under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and this factual variance does not support reversal.

**4.** We note that the magistrate's report failed to explicitly address Gonzalez's claim that he received ineffective assistance of counsel at the first state habeas proceeding. However, since the time that the district court's order was entered, this court decided that because there is no right to counsel at habeas corpus proceedings, the ineffectiveness of state habeas counsel will not constitute cause to excuse a procedural default. *See Toles v. Jones*, 888 F.2d 95, 99–100 (11th Cir.1989), *vacated and reh'g en banc granted*, 905 F.2d 346 (11th Cir.1990), *reinstated*, 951 F.2d 1200, 1201 (11th Cir.1992) (en banc) (per curiam). Hence, we can affirm the magistrate's denial of relief on the authority of that holding.

Specifically, Gonzalez emphasizes in ground 23 that before his conviction was final, the Georgia legislature repealed O.C.G.A. § 16–13–31(a)—the statute creating the substantive offense upon which his indictment for conspiracy to traffic in cocaine was predicated. *See supra* note 1. The petitioner, through counsel appointed for purposes of this appeal, urges us to conclude that his conviction for the cocaine conspiracy is therefore void. There is potential merit in this argument. The Georgia Supreme Court has held that where a cocaine trafficking defendant was indicted before the amendment of O.C.G.A. § 16–13–31(a) and convicted after that section was changed, "the [defendant]'s conduct was no longer defined by the legislature as trafficking in cocaine, [and] therefore, the prosecution in th[e] case was at an end before the trial." *Robinson v. State*, 256 Ga. 564, 566, 350 S.E.2d 464, 465 (1986). The petitioner also argues in the same claim for relief that his convictions for conspiracy to traffic in marijuana and for influencing a witness cannot stand, due to infirmities that derive from the asserted invalidity of the cocaine conviction.[5]

■ The district court found that this claim was procedurally defaulted because it was raised for the first time in Gonzalez's third, successive state habeas petition. We disagree. We conclude that this claim, if legally founded, establishes that Gonzalez's conviction for cocaine conspiracy is void and cannot be a legal cause of imprisonment—notwithstanding any procedural default. The petitioner in effect asserts that

a fundamental miscarriage of justice has occurred; he argues that he was convicted for conduct that was not a crime and that he is therefore "actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 90–91, 97 S.Ct. 2497, 2508, 53 L.Ed.2d 594 (1977). As a result, habeas relief is not procedurally barred by the petitioner's failure to assert this claim at an earlier stage. *See Wainwright*, 433 U.S. at 90–91, 97 S.Ct. at 2508.

■ Moreover, we agree with the government's view that this petition presents a question that is unresolved under Georgia law. For the reasons which follow, we find it necessary to certify to the Georgia Supreme Court questions which are determinative of the outcome in this case. *See* Ga. Const. art. VI, § 6, ¶ 4; O.C.G.A. 15–2–9 (1990); Ga.Sup.Ct.R. 37.

### III.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO ARTICLE VI, SECTION VI, PARAGRAPH IV OF THE GEORGIA CONSTITUTION.

TO THE SUPREME COURT OF GEORGIA AND THE HONORABLE JUSTICES OF THAT COURT:

#### A. Style of the Case

The style of the case in which this certification is made is as follows: Guillermo

---

5. These two other arguments turn on the validity of the cocaine conspiracy conviction under Georgia law. Gonzalez argues that, since the Georgia trial court lacked jurisdiction to try him on the cocaine conspiracy count, it was improper for the evidence relevant to the cocaine conspiracy to have been introduced at his trial for conspiracy to traffic in marijuana. Hence, if the indictment is deemed insufficient with respect to cocaine, this court must determine, in accordance with standards governing habeas review, whether the marijuana conviction can stand in light of the commingling of evidence pertinent only to cocaine with the evidence supporting his marijuana conviction.

Also, Gonzalez seeks reversal of his conviction for influencing a witness on the ground that such a conviction is predicated upon the existence of some pending matter in court (at which the witness was intended to testify). He argues that if his cocaine and marijuana convictions are void, there was never any antecedent "pending matter" in existence to support the crime of influencing a witness. Whether this domino effect will mandate reversal of the conviction for influencing a witness is another question which will turn on the answer to the petitioner's argument relative to the cocaine conspiracy conviction.

Gonzalez, petitioner-appellant, versus Richard L. Abbott, Warden, respondent-appellee, case number 90–8280, filed in the United States Court of Appeals for the Eleventh Circuit, on appeal from the United States District Court for the Northern District of Georgia.

### B. Relevant Background

The cocaine conspiracy conviction involved in this habeas petition rested on an indictment which read as follows: "[T]he said accused did knowingly and willfully conspire to traffic in cocaine, ... to bring into the State of Georgia; to knowingly deliver; to knowingly sell, and to actually possess more than 400 grams of *a substance containing cocaine ...*" See Resp. Ex. 1M at 4 (emphasis added). As is required in a conspiracy indictment, the indictment in this case alleged not only acts evincing a conspiracy, but also recited an independent crime constituting the object of the conspiracy—here, the possession of an illegal quantity of a cocaine mixture. See O.C.G.A. § 16–4–8 (Michie 1988) ("Conspiracy to commit a crime."); *Orkin v. State*, 236 Ga. 176, 178, 223 S.E.2d 61, 66 (1976) ("[C]onspiracy ... can only be defined in conjunction with ... [a] substantive crime...."). The language of the petitioner's indictment tracked the contemporaneous statutory requirements for the underlying trafficking crime. At the time the indictment was issued in November, 1983, and during the trial occurring in January, 1984, the Georgia cocaine trafficking statute provided, in relevant part, as follows:

Any person who ... is knowingly in possession of 28 grams or more of cocaine or of *any mixture containing cocaine* ... commits the felony offense of trafficking in cocaine....

O.C.G.A. § 16–13–31(a) (Michie 1982) (amended 1985). Effective July 1, 1985, the Georgia legislature, without a saving clause, repealed and reenacted O.C.G.A. § 16–13–31, resulting in a material change to the language of subsection (a). The statute now reads as follows:

Any person who ... is knowingly in possession of 28 grams or more of cocaine or any mixture with a purity of 10 percent or more of cocaine ... commits the felony offense of trafficking in cocaine.

O.C.G.A. § 16–13–31(a)(1) (Michie 1990 & Supp.1991). The effect of the Georgia legislature's repeal of subsection (a) was to remove the old "mixture" language defining the crime of cocaine trafficking as the possession of an indeterminate and perhaps infinitesimal amount of cocaine in a mixture. See, e.g., *Lavelle v. State*, 250 Ga. 224, 224–26, 297 S.E.2d 234, 235–36 (1982) (reflecting interpretation of the statute prior to the 1985 amendment). Hence, the act of possessing a mixture of cocaine, referenced in Gonzalez's indictment as the criminal object of the conspiracy, no longer (as of July 1, 1985) satisfied the statutory definition of the crime of trafficking in cocaine. Instead, a sufficient indictment would be required to allege the possession of at least 28 grams of actual cocaine (or, following 1986 amendments, a mixture with a purity of at least 10 percent).

According to the law of Georgia, "[w]hen a statute making described conduct a crime is repealed prior to final judgment on a conviction, the repeal ends the prosecution if the legislature has not provided otherwise in a saving clause." *Robinson*, 256 Ga. at 565, 350 S.E.2d at 465; see also *Gunn v. State*, 227 Ga. 786, 787, 183 S.E.2d 389, 391 (1971). The Georgia Supreme Court expressly interpreted the legislature's 1985 action as abating non-final prosecutions under section 16–13–31(a). The Court has held that "the legislature repealed the old law and enacted in its place a new law without including a saving clause," *Robinson*, 256 Ga. at 565–66, 350 S.E.2d at 465, thereby effectively "end[ing any ongoing] prosecution." *Id.* at 565, 350 S.E.2d at 465.

Thus, Gonzalez may seek to rely on the 1985 change if his conviction was not final as of July 1, 1985. And indeed it appears that it was not. Gonzalez filed an appeal of his conspiracy conviction to the Georgia

Court of Appeals, and his conviction was affirmed by that court in 1985. *See Gonzalez,* 175 Ga.App. at 224, 333 S.E.2d at 139. The Georgia Supreme Court denied certiorari on September 3, 1985. Hence, Gonzalez's conviction had not, as of July 1, "reached final disposition in the highest court authorized to review" it, and therefore amounted to an as-yet-pending prosecution. *Bradley v. United States,* 410 U.S. 605, 607, 93 S.Ct. 1151, 1154, 35 L.Ed.2d 528 (1973).

There is Georgia precedent supporting our conclusion that the pendency of Gonzalez's petition for certiorari rendered his conviction non-final. In *Bassett v. Lemacks,* 258 Ga. 367, 370 S.E.2d 146 (1988), the Georgia Supreme Court found that the habeas petitioner in that case "was charged with and convicted of a crime which did not exist at the time of conviction" where the date of the amendment of O.C.G.A. § 16–13–31(a) fell between the indictment and the conviction at trial. *Bassett,* 258 Ga. at 370, 370 S.E.2d at 148. In addition to that holding, the Court issued clear instructions with respect to a series of illustrative hypotheticals. The Court considered a hypothetical case in which

> [t]he person commits the proscribed acts prior to [the time of repeal], is indicted and convicted before [that time], and the conviction is on appeal [at that time]. Will his conviction stand? No, he is entitled to raise this issue on direct appeal and have the conviction set aside.

*Id.* at 369, 370 S.E.2d at 148. Accordingly, it is clear that the circumstances of Gonzalez's case entitle him to invoke the holdings of *Robinson* and *Bassett* in which Georgia's high court reversed non-final convictions for the possession of a mixture containing cocaine.

### C. Reasons for Certification

The question remains, following our review of the applicable case law, whether the rule expressed in cases like *Robinson* and *Bassett* will extend to the specific facts surrounding Gonzalez's case. We note two distinguishing factors in this case which present questions as yet unanswered by Georgia's several decisions pertaining to the 1985 change in O.C.G.A. § 16–13–31. First, Gonzalez was indicted and convicted for *conspiracy* to traffic in cocaine, rather than actual trafficking in cocaine. Second, the indictment in this case roughly tracked the now obsolete statutory language by referring to *"a substance containing cocaine,"* but also specifically charged the petitioner with possession of 945 grams *of actual cocaine* as one of the four types of overt acts manifesting the conspiracy. Resp.Ex. 1M at 4–5 (emphasis added).

Georgia's controlling precedents involve materially different facts. In *Robinson,* the Georgia Supreme Court, noting the lack of a saving clause, invalidated a conviction where the judgment was not final as of July 1, 1985. *Id.,* 256 Ga. at 566, 350 S.E.2d at 465. However, that defendant was charged with the crime of trafficking in a "mixture" containing cocaine, rather than conspiracy to traffic in such a "mixture." *Id.* at 564, 350 S.E.2d at 464. Subsequently, the Georgia Supreme Court in *Bassett* invalidated another conviction where the defendant had been charged with trafficking in a "mixture" containing cocaine. *Id.,* 258 Ga. at 367, 370 S.E.2d at 146. There, habeas corpus relief was granted. *Id.* In *Blackshear v. Wharton,* 258 Ga. 427, 370 S.E.2d 152 (1988), the Court again granted habeas relief where the defendant's appeal from his cocaine trafficking conviction had not reached final disposition in the Court of Appeals by July 1, 1985. *Id.* at 427, 370 S.E.2d at 153. *See also Blount v. State,* 181 Ga.App. 330, 330–31, 352 S.E.2d 220, 222 (1986).

In other cases, the Georgia courts have been able to distinguish the *Robinson* holding. In *Barrett v. State,* 183 Ga.App. 729, 360 S.E.2d 400 (1987), for example, the Georgia Court of Appeals found the legislature's simultaneous redefinition of trafficking and increase in penalties in the 1985 amendment to be persuasive evidence of the legislature's intent to prevent abate-

ment of the prosecution at issue. The *Barrett* conviction was upheld in light of that intent and because the actual language of the indictment in that case was statutorily sufficient even as measured by the new version of the statute. *Id.* at 730–33, 360 S.E.2d at 401–03. Nevertheless, this contrary authority provides no indication of how the *Robinson* holding may be limited in the context presented by the instant petition.

None of the cases which followed the *Robinson* holding have addressed a conviction for conspiracy in which the crime of trafficking in cocaine entered the picture only as the alleged object of the conspiracy. The question therefore persists whether the petitioner's conviction for conspiracy to traffic in cocaine can be sustained when he could not have been convicted during the same period for carrying out the alleged object of the conspiracy—*i.e.* trafficking in a "mixture" containing an indeterminate amount of cocaine. Petitioner argues that, before his conviction was final, the Georgia legislature eliminated the underlying crime necessary to fulfill the elements of the conspiracy statute. *See* O.C.G.A. § 16–4–8 (offense requires a conspiracy "to commit any crime"). We note, on the other hand, that in the timeframe in which the conspiracy was formulated and Gonzalez carried out overt acts in connection therewith, the object of the conspiracy did constitute a crime in Georgia. Applicable cases do not provide a clear indication whether a cocaine conspiracy conviction should be upheld under these circumstances.

As we have noted, we also cannot avoid consideration of the fact that the indictment in this case alleged that Gonzalez committed the overt act of possessing 945 grams of cocaine. This may distinguish his case from the Georgia precedents in which convictions were invalidated when no specific allegation of an amount of actual cocaine was contained in the indictment. *Cf. Barrett,* 183 Ga.App. at 730–31, 360 S.E.2d at 401–02. The government's position is that Gonzalez's prosecution could be deemed proper even according to the new version of section 16–13–31. The government notes that his indictment made no exact reference to a "mixture"—the precise terminology of the old statute; further, the government points out that the portion of the indictment pertaining to overt acts contained an allegation that Gonzalez, at a certain point in time, in fact possessed a sufficient amount of cocaine as measured by even the new statutory definition of cocaine trafficking. Available authorities leave us unable to reliably evaluate these distinguishing factors according to Georgia law.

Because no Georgia decision is directly on point, we conclude that the dispositive questions of law presented by this case remain open. We also agree with the government's view, expressed in oral argument, that the question is an important one meriting certification. Accordingly, we respectfully certify the following questions of law to the Georgia Supreme Court and the Honorable Justices of that Court.

### D. Questions for Certification

(1) WHETHER, AS A MATTER OF LAW, A CONVICTION FOR CONSPIRACY TO TRAFFIC IN COCAINE UNDER O.C.G.A. §§ 16–4–8, 16–13–31(a) IS VOID WHERE THE INDICTMENT ALLEGED A CONSPIRACY TO COMMIT THE CRIME OF POSSESSING A SUFFICIENT AMOUNT OF A SUBSTANCE CONTAINING COCAINE AND THE GEORGIA SUPREME COURT DENIED REVIEW BY CERTIORARI AFTER JULY 1, 1985.

(2) WHETHER, AS A MATTER OF LAW, A CONVICTION FOR CONSPIRACY TO TRAFFIC IN COCAINE UNDER O.C.G.A. §§ 16–4–8, 16–13–31(a) IS VOID WHERE THE INDICTMENT ALLEGED A CONSPIRACY TO COMMIT THE CRIME OF POSSESSING A SUFFICIENT AMOUNT OF A SUBSTANCE CONTAINING COCAINE AND ALLEGED THAT THE DEFENDANT COMMITTED THE OVERT ACT OF

1508

POSSESSING 945 GRAMS OF CO-
CAINE AT A CERTAIN TIME, AND
THE GEORGIA SUPREME COURT DE-
NIED REVIEW BY CERTIORARI AF-
TER JULY 1, 1985.

These questions are thus phrased in or-
der to segregate the questions of, first,
whether a conspiracy conviction may come
under the rule in *Robinson*, and second,
whether the indictment's allegation of
quantity pertinent to the overt act element
of conspiracy will remove the case from the
scope of the *Robinson* holding. We recog-
nize the possibility that the Georgia Su-
preme Court may be able to offer an an-
swer that is dispositive of this case without
fully addressing both questions. More-
over, our particular phrasing of these ques-
tions is not intended to limit the inquiry of
the Supreme Court. Neither is our recital
of the parties' arguments intended to sub-
stitute for the full statement of contentions
by the parties. The Supreme Court is at
liberty to consider the problems and issues
involved in this case as it perceives them to
be. In order to assist the Supreme Court,
the entire record in this case, and copies of
the briefs of the parties, are transmitted
herewith.

AFFIRMED IN PART, and QUESTION
CERTIFIED.