S92Q1372. GONZALEZ v. ABBOTT.
(424 SE2d 272)

FLETCHER, Justice.

The United States Court of Appeals for the Eleventh Circuit has certified the following questions to this court in this habeas corpus action:

1. Whether, as a matter of law, a conviction for conspiracy to traffic in cocaine under OCGA §§ 16-4-8, 16-13-31 (a) is void where the indictment alleged a conspiracy to commit the crime of possessing a sufficient amount of a substance containing cocaine and the Georgia Supreme Court denied review by certiorari after July 1, 1985.

2. Whether, as a matter of law, a conviction for conspiracy to traffic in cocaine under OCGA §§ 16-4-8, 16-13-31 (a) is void where the indictment alleged a conspiracy to commit the crime of possessing a sufficient amount of a substance containing cocaine and alleged that the defendant committed the overt act of possessing 945 grams of cocaine at a certain time, and the Georgia Supreme Court denied review by certiorari after July 1, 1985.

*Gonzalez v. Abbott,* 967 F2d 1499 (11th Cir. 1992). We answer yes to both questions.

Guillermo Gonzalez was indicted with 16 others in 1983 for conspiracy to traffic in cocaine and marijuana. Gonzalez' indictment roughly tracked the statutory requirements for the underlying crime of cocaine trafficking.[1] It read:

[T]he accused did knowingly and willfully conspire . . . to traffic in cocaine, . . . to knowingly deliver; to knowingly sell, and to actually possess more than 400 grams of a substance containing cocaine.

The indictment charged Gonzalez with possession of 945 grams of cocaine as one of the four overt acts manifesting the conspiracy.

After his conviction, the trial court sentenced Gonzalez to 16

---

[1] At that time the statute provided: "Any person who . . . is knowingly in possession of 28 grams or more of cocaine or of any mixture containing cocaine . . . commits the felony offense of trafficking in cocaine." See OCGA § 16-13-31 (a) (1982) (amended 1985).

years' imprisonment and a $250,000 fine on the cocaine conspiracy charge and 10 years' imprisonment and a $25,000 fine on the marijuana conspiracy charge. The Georgia Court of Appeals affirmed both conspiracy convictions in *Gonzalez v. State*, 175 Ga. App. 217 (333 SE2d 132) (1985).[2] The Georgia General Assembly repealed the trafficking in cocaine statute, effective July 1, 1985, and reenacted the statute in a modified form without a savings clause.[3] This court denied certiorari to Gonzalez in September 1985. Gonzalez filed three petitions for a writ of habeas corpus in state court, which were denied. In 1988, Gonzalez filed this petition for habeas corpus under 28 USC § 2254, challenging his drug convictions on 33 grounds. The federal district court denied habeas relief, and the 11th Circuit Court of Appeals affirmed with the exception of Gonzalez' claim that the repeal of OCGA § 16-13-31 (a) nullified his conviction for conspiracy to traffic in cocaine.

1. A conspiracy to traffic in cocaine cannot stand if the defendant could not have been convicted for trafficking in cocaine. See OCGA § 16-4-8; *Orkin v. State*, 236 Ga. 176, 178 (223 SE2d 61) (1976) ("The crime of conspiracy . . . can only be defined in conjunction with a second criminal Code section, i.e., the substantive crime involved in the conspiracy or attempt."). This court has held that the 1985 repeal and reenactment of the trafficking in cocaine statute without a savings clause rendered invalid any conviction for trafficking in a mixture under the repealed statute. *Bassett v. Lemacks*, 258 Ga. 367, 369 (370 SE2d 146) (1988); *Robinson v. State*, 256 Ga. 564, 566 (350 SE2d 464) (1986). The repeal abated all prosecutions that had not reached final disposition in the highest court with authority to review the conviction. *Bassett*, 258 Ga. at 368. The state agrees that Gonzalez' conviction for conspiracy to traffic in cocaine did not become final until after the effective date of the repeal of the trafficking in cocaine statute. See *Blackshear v. Wharton*, 258 Ga. 427 (370 SE2d 152) (1988). Therefore, the only disputed issue is whether Gonzalez' indictment, which states a "substance" containing cocaine, is comparable to an indictment that states a "mixture" of cocaine.

We reject the state's argument that "mixture" is a "word of art" that must be recited in the indictment before a defendant may obtain relief under the *Robinson* decision. This court has concluded that the

---

[2] The Court of Appeals later set aside both fines as unauthorized under OCGA § 16-13-33. See *Gonzalez v. State*, 201 Ga. App. 437, 438 (411 SE2d 345) (1991).

[3] The 1985 law omitted the mixture language from the description of the offense of trafficking in cocaine. *Robinson v. State*, 256 Ga. 564, 565 (350 SE2d 464) (1986). In 1986, the legislature amended the statute again to include a mixture consisting of ten percent or more of cocaine. The current statute reads: "Any person who . . . is knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine . . . commits the felony offense of trafficking in cocaine." OCGA § 16-13-31 (a) (1).

legislature intended the word "mixture" as used in the trafficking statute to "have its ordinary meaning: 'that which results from mixing different ingredients together.'" *Lavelle v. State*, 250 Ga. 224, 226 (297 SE2d 234) (1982) (quoting Webster's New International Dictionary (2d unabridged ed. 1934)). The word "substance" was used in Gonzalez' indictment as a synonym for "mixture."[4]

2. This court's decision in *Bassett* controls the second issue. See *Bassett*, 258 Ga. at 370. In that opinion, we rejected the state's argument that the defendant could be convicted of trafficking based on trial evidence that he possessed 342.4 grams of cocaine.

> This argument skirts the fact that the conduct with which petitioner was charged and convicted, "actual possession of more than 400 grams of a *mixture containing cocaine* . . ." was no longer a crime at the time petitioner was convicted. It is true that petitioner could have been indicted and convicted under OCGA § 16-13-30 for possession of a controlled substance, and that he could have been indicted and convicted of trafficking in cocaine under OCGA § 16-13-31 (a) in that he had "actual possession of more than 28 grams of cocaine." He was not, however, indicted and tried for either of these crimes.

*Id.* We overrule *Barrett v. State*, 183 Ga. App. 729 (360 SE2d 400) (1987), to the extent that it conflicts with the *Bassett* decision.

*Certified questions answered. Clarke, C. J., Hunt, P. J., Benham, Sears-Collins and Hunstein, JJ., concur.*

DECIDED JANUARY 8, 1993.

*Brinson, Askew, Berry, Seigler, Richardson & Davis, C. King Askew,* for appellant.

*Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paula K. Smith, Assistant Attorney General,* for appellee.

---

[4] No one, for example, would take seriously the argument, had it been made, that charging the defendant with trafficking in a "substance containing cocaine" created a fatal variance with proof at trial that the defendant possessed a "mixture containing cocaine." See *Belcher v. State*, 161 Ga. App. 442, 443 (288 SE2d 299) (1982). The variance must affect the substantial rights of the accused. *Partridge v. State*, 187 Ga. App. 325, 326 (370 SE2d 173) (1988).