[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 05, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11471
Non-Argument Calendar

_____

D. C. Docket No. 07-00075-CV-TWT-1

RAMSEY L. WRIGHT,

Petitioner-Appellant,

versus

ROSE WILLIAMS,
Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(December 5, 2007)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Ramsey L. Wright, a Georgia inmate proceeding pro se, appeals the sua sponte dismissal of his habeas petition. See 28 U.S.C. § 2254. We granted a certificate of appealability to decide the following issue: "Whether the district court erred in sua sponte dismissing as procedurally barred appellant's claim that the state court improperly enhanced his sentence based on an uncounseled prior conviction." Wright argues that the district court erred when it dismissed his habeas petition as procedurally barred because a sentence based on an uncounseled prior conviction is void even if no objection was made at sentencing. We affirm.

We review de novo the dismissal of a habeas petition. See Sims v. Singletary, 155 F.3d 1297, 1304 (11th Cir. 1998).

District courts are required to dismiss a habeas petition summarily "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." 28 U.S.C. § 2254, Rule 4. When a state prisoner fails to present his claim in state court, the federal habeas court cannot hear the merits of the claim absent a showing of cause for the default and actual prejudice or proof that the failure to consider the claim would cause a fundamental miscarriage of justice. Bailey v. Nagle, 172 F.3d 1299, 1302–03, 1306 (11th Cir. 1999). "A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional

violation has resulted in the conviction of someone who is actually innocent." Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003).

Wright's argument that a void sentence is not subject to procedural default is without merit. Wright cites our decision in Gonzalez v. Abbott, 967 F.2d 1499, 1504 (11th Cir. 1992), for the proposition that a void conviction cannot be a legal cause of imprisonment, notwithstanding any procedural default, but Wright has not argued that either his conviction is void or he is actually innocent. Wright argues that his sentence is void, but an illegal sentence is not a recognized exception to a procedural default.

The dismissal of Wright's petition for a writ of habeas corpus is

**AFFIRMED.**