## 66107. FAVORS v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for armed robbery. *Held:*

1. The first enumeration is without merit. " 'In order to be in a position to complain of the abridgement of the right of cross-examination, a party to a legal proceeding or his counsel must either ask the questions he desires to ask or state to the court what questions he desires to ask and then interpose timely objection to the ruling of the court denying the right to propound the questions.' [Cit.]" *Cross v. State,* 136 Ga. App. 400 (8), 409 (221 SE2d 615).

2. The trial court did not err in failing to give defendant's requested charge on mistaken identity. "[I]n view of the trial court's charge on the defense of alibi no reversible error [is] shown. [Cit.]" *Hamby v. State,* 158 Ga. App. 265 (3), 266 (279 SE2d 715).

3. The failure to grant a new trial, made on the general grounds and the grounds disposed of in the foregoing divisions, is enumerated as error. The issue was the identity of the perpetrator. The victim identified defendant as one of the two robbers. Defendant, in testimony, denied commission of the offense and stated that he was home at the time of the robbery. This alibi evidence was corroborated by his girl friend and mother. Evidence of defendant's good character was also presented. We find the evidence sufficient to authorize a rational jury to find defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560).

Attached to defendant's brief in support of his motion for new trial were the post trial affidavits of defendant and two other persons to the effect that they had either heard one Mansfield say, or they heard others say that they had heard Mansfield say, that he robbed a convenience store of the same name and in the same month as the offense defendant was convicted of. Defendant also asserts that the trial court erred in not granting a new trial based upon this newly discovered evidence. Pretermitting whether defendant met the requirements for consideration of such evidence, it is not sufficient to obtain a new trial as it is inadmissible hearsay.

"It is the long-standing rule in this state that declarations to third persons against the declarant's penal interest, to the effect that the declarant, and not the accused, was the actual perpetrator of the

offense, are not admissible in favor of the accused at his trial, [cits.], or to procure a new trial on the basis of newly discovered evidence. [Cit.]" *Timberlake v. State,* 246 Ga. 488 (1), 492 (271 SE2d 792).
*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 26, 1983.

*Paula K. Taylor,* for appellant.
*Hobart M. Hind, District Attorney, Britt R. Priddy, Assistant District Attorney,* for appellee.