### 74830. THE STATE v. BENZAQUEN.
(361 SE2d 503)

BIRDSONG, Chief Judge.

The State appeals from the judgment of the trial court sustaining defendant's demurrer to the indictment. The indictment charged Ernesto Benzaquen with trafficking in cocaine by bringing into the state "more than 400 grams of cocaine. . . ." This offense is alleged to have occurred on December 8, 1985, and was returned during the 1985 October Term of the Clarke Superior Court.

The defendant's demurrer alleged the statute with which he was charged with violating, OCGA § 16-13-31, was repealed July 1, 1986, and the repealing act did not contain a savings clause for prosecutions pending at the time of repeal. On December 8, 1985, OCGA § 16-13-31 (a) defined trafficking in cocaine by proscribing "actual possession of 28 grams or more of cocaine. . . ." The 1986 General Assembly amended OCGA § 16-13-31 (a) and redefined the offense of trafficking in cocaine as "actual possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine. . . ." This act took effect July 1, 1986, and defendant's demurrer was

granted on March 4, 1987. Defendant cited *Robinson v. State*, 256 Ga. 564 (350 SE2d 464) as authority for his contention that the act under which he had been indicted was repealed without a savings clause and prosecution of prior offenses must be abated. *Robinson* at p. 565 held that " 'the repeal of a criminal statute abated all prosecutions which had not reached final disposition in the highest court authorized to review them.' " But, we find *Robinson* is distinguishable from the instant appeal.

What necessitated the ruling in *Robinson* was the fact that appellant was charged with possession of "more than 28 grams of a mixture containing cocaine," which was no longer a crime after the repeal of the statute, July 1, 1985, a date before the entry of final judgment in *Robinson*. That "mixture" could have involved an amount of cocaine of less than 28 grams under the 1985 law, or could have contained less than 10% pure cocaine under the 1986 law. The conduct in this case, trafficking in over 400 grams of cocaine, was an offense under the law as it stood at the time the defendant was caught, at the time of his indictment, at the time the trial court sustained the demurrer, and as the law stands today. OCGA § 16-13-31 (a) as amended.

While a savings clause will permit prosecution of an offense which preceded the repeal of the statute, a savings clause is not the only mechanism by which a prosecution might be validated in a particular case. "The rule is well established that prosecutions under statutes impliedly or expressly repealed while the case is still pending on direct review must abate *in the absence of a demonstration of contrary congressional intent* or a general saving statute. For, '(p)rosecution for crimes is but an application or enforcement of the law, and if the prosecution continues the law must continue to vivify it.' " (Emphasis supplied.) *Pipefitters Local Union No. 562 v. United States*, 407 U. S. 385, 432 (92 SC 2247, 33 LE2d 11).

In *Barrett v. State*, 183 Ga. App. 729 (360 SE2d 400), we found such a clear demonstration of legislative intent that the prosecution in that case should not abate with the repeal and simultaneous redefining of the crime and reenactment of harsher criminal sanctions. The same is true in this case. The conduct in this case has not been decriminalized at any time. The prosecution did not abate.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 9, 1987 —
REHEARING DENIED SEPTEMBER 30, 1987 —

*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney*, for appellant.

*Earnest DePascale, Jr., John J. McArthur*, for appellee.