## 75131, 75132. NICHOLS v. THE STATE (two cases).

(367 SE2d 266)

BEASLEY, Judge.

Nichols appeals his convictions and sentences for trafficking in cocaine by actually possessing more than twenty-eight grams of cocaine, OCGA § 16-13-31 (a) (1), and for possessing marijuana with intent to distribute, OCGA § 16-13-30 (b) and from the denial of his motion for new trial in Case No. 75131. He also appeals the denial of his motion for supersedeas bond in Case No. 75132.

### Case No. 75131

1. Appellant contends that the trial court abused its discretion when it *sua sponte* excused a juror for cause, that the act was arbitrary and capricious with no basis in law.

During questioning by the State on voir dire, the excused juror stated that he had known the defendant for twenty years; that he went to school with him; that he felt he could judge defendant fairly; that he had not heard a thing about the case; that he had not discussed the case with anyone; that he had seen the defendant the night before at a funeral home and at that time did not know defendant was going to be on trial; that he did not talk to the defendant much about it; that he had not seen the defendant in two or three years prior to the evening before; that he did not know defendant's wife but knew some of his brothers; that he had not discussed the case with the brothers; and that he did not know defendant had a criminal case pending, having "heard that he beat it." Without request, the court excused the juror for cause. Defendant stated simply that he objected, the court noted the objection, and voir dire proceeded.

At the conclusion of voir dire, defendant asked to record his objection to the court's excusing the juror for cause. The court stated: "Yes, sir. I'm a little upset about that man. I heard him talking about something about the case one morning, the first morning I came over here. I didn't recognize him until he stood up, and I didn't want to embarrass him or say anything about it, but he was in a little restaurant that I had stopped in and he told the lady there that he was on the jury and something about it was a good case coming up, and so I recognized who he was at the time and I didn't feel like that he should be on the jury, particularly in light of what he said. . . ."

"Challenges for favor, in a criminal case, are based on admission by the juror that he is biased for or against one of the parties, in response to questions authorized by OCGA § 15-12-164, i.e., whether the juror has formed and expressed an opinion as to the guilt or innocence of the accused, has prejudice or bias for or against the accused, is perfectly impartial between the state and the accused, and in capi-

tal felony cases is not conscientiously opposed to capital punishment." *Harris v. State,* 178 Ga. App. 735, 736 (1) (344 SE2d 528) (1986). "The trial court may, on its own motion, and in the exercise of sound discretion, excuse an incompetent juror at any time before evidence is given." *Norris v. State,* 250 Ga. 38, 39 (1) (295 SE2d 321) (1982). We will not reverse absent a manifest abuse of that discretion. *Harris,* supra at 736 (1).

The State disclosed at trial that it had evidence of jury tampering in Nichols' first trial, which was mistried for want of a verdict. There was also concern about an attempt at jury tampering in the present trial to the extent that the State moved successfully for jury sequestration. A prospective juror related that when he had gone to pay respects at a funeral home, he was asked by people who knew Nichols if Nichols' case was coming up for trial that week.

Where the court had reason to believe there was the possibility of jury tampering, had observed what appeared to be an inappropriate exchange between the juror and others, and learned that the juror had known defendant for twenty years, the court did not abuse its discretion in excusing the juror for cause on its own motion.

2. Appellant contends that the court erred by restricting cross-examination of a GBI agent regarding the search warrant affidavit because the court indicated that if defendant desired to so question the agent, it would be inclined to allow admission of the entire warrant and affidavit.

When the jury was absent counsel stated to the court that the agent had testified outside the jury's presence that the confidential informant referred to in the affidavit had given information to law enforcement officers in the past which led to the seizure of controlled substances and stolen items, and that contrarily the informant had testified that he never gave any assistance to any law enforcement officer before Nichols' case. Defense counsel wanted to recall the agent to establish that either the informant had not given truthful testimony or that the affidavit was false, and he wanted to get a prior ruling from the court in the matter.

The court responded that it had no objection to defendant's recalling the agent. After ascertaining that the original warrant had not been introduced into evidence, the court asked whether counsel was going to introduce it and opined that he would have to. Defense counsel responded that he did not want to introduce the entire affidavit because parts were "not relevant to the point I am making." The court stated that if defendant selected portions out of context, the state would have the right to introduce the entire affidavit. Defense counsel asked the court to make exception "because of the obvious conflict in the testimony between the two State's witnesses," and the court indicated that it would not force either side to introduce any

part but that both had that right. The defense reiterated its reason for offering only part of the affidavit as being relevant for impeachment and the court stated that other parts might be relevant as well. Defendant asked to make inquiry outside the jury's presence to see if there were any other parts relevant to impeachment. The court declined and again stated it would permit introduction of any portion of the affidavit but if the State then wanted to introduce the remainder it could. Defense counsel stated that that was "all right," and the jury was brought back. There was no objection by defendant, and the GBI agent was not recalled.

" ' "In order to be in a position to complain of the abridgement of the right of cross-examination, a party to a legal proceeding or his counsel must either ask the questions he desires to ask or state to the court what questions he desires to ask and then interpose timely objection to the ruling of the court denying the right to propound the questions." [Cit.]' [Cit.]" *Favors v. State,* 166 Ga. App. 764 (1) (305 SE2d 475) (1983).

The court did not deny defendant the right to recall the agent and to ask the desired questions. It merely indicated that any questioning regarding the affidavit would permit its entire introduction. The choice not to recall the agent was a tactical decision, not a response to any denial of the right to further question the agent. Moreover, there was no objection whatsoever to the court's final ruling, and thus there can be no complaint. Id.

3. Appellant contends that his conviction for trafficking in cocaine should be set aside under the rationale of *Robinson v. State,* 256 Ga. 564 (350 SE2d 464) (1986) and *Blount v. State,* 181 Ga. App. 330 (352 SE2d 220) (1986).

*Robinson* and *Blount* dealt with the legislature's repeal of subsection (a) of OCGA § 16-13-31 and its enactment of a new law without inclusion of a saving clause. *Robinson,* supra at 565, held that "[w]hen a statute making described conduct a crime is repealed prior to final judgment on a conviction, the repeal ends the prosecution if the legislature has not provided otherwise in a saving clause." Robinson and Blount were charged with being unlawfully, knowingly and actually in possession of " 'more than 28 grams of a mixture containing cocaine . . . ,' " tracking the then in force cocaine trafficking statute. Effective July 1, 1986, OCGA § 16-13-31 (a) (1) redefined the offense as "knowingly in actual possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine, . . ." In other words, by the time the defendants in *Robinson* and *Blount* were tried and convicted, the act for which they were charged, i.e., unlawfully, knowingly, and actually possessing more than 28 grams of a mixture containing cocaine, no longer constituted the crime of trafficking in cocaine. Nichols' case differs.

While it is true that Nichols was indicted under former OCGA § 16-13-31 (a) and convicted after the statutory change, as were the defendants in *Robinson* and *Blount*, Nichols, was charged with unlawfully and actually possessing "more than 28 grams of cocaine," not 28 grams of a *mixture containing cocaine*. The evidence authorized the jury to find that Nichols was in actual possession of 98.8 grams of cocaine with an 80% purity, i.e., 79.04 grams of pure cocaine. Therefore, Nichols' conviction was authorized under the redefinition of the crime of trafficking in cocaine, as well as under former OCGA § 16-13-31 (a), and is not violative of the mandates of *Robinson* and *Blount*. *Brown v. State*, 181 Ga. App. 768, 773 (3) (353 SE2d 572) (1987).

4. In a supplemental enumeration of error and brief filed several months after this appeal was docketed, appellant argues that *Daniels v. State*, 183 Ga. App. 651 (359 SE2d 735) (1987), applying *Franks v. Delaware*, 438 U. S. 154 (98 SC 2674, 57 LE2d 667) (1978), required that he be given a hearing as to whether or not the search warrant affidavit contained false statements fatal to the existence of probable cause. Although defendant raised the issue of the affidavit in regard to its use for impeachment of certain state's witnesses in assessing a defense decision to recall such witnesses, see Division 2 supra, the issue now urged was not raised below. Defendant did not request any hearing by way of motion to suppress or otherwise on the question of an alleged lack of probable cause to issue the search warrant.

"A supplemental enumeration of error and brief filed after the 20-day period allowed for filing of enumerations of error and briefs in support thereof cannot be used to raise new issues even though the original filing was within the 20-day period. [Cit.] In the absence of objection below, nothing is presented to this court for review. [Cits.]" *Allen v. State*, 150 Ga. App. 605, 607 (3) (258 SE2d 285) (1979).

*Case No. 75132*

1. Inasmuch as defendant's convictions stand, the appeal of the propriety of denying bond pending substantive appeal is moot and is dismissed. *Davis v. State*, 164 Ga. App. 633, 637 (7) (298 SE2d 615) (1982).

*Judgment affirmed in Case No. 75131. Appeal dismissed in Case No. 75132. McMurray, P. J., and Sognier, J., concur.*

Decided March 11, 1988.

*James H. Whitmer*, for appellant.
*C. Andrew Fuller*, District Attorney, *Daniel Summer*, Assistant

*District Attorney*, for appellee.