## A90A1871. GREENHILL v. THE STATE.
### (404 SE2d 577)

COOPER, Judge.

On February 23, 1988, appellant was indicted on 19 counts of violations of the Georgia Securities Act of 1973, as amended. Appellant represented himself at trial and the jury convicted him on 13 counts of the indictment for selling securities while neither appellant nor the security was registered, and for employing a device, scheme or artifice to defraud in connection with the sale of securities in violation of OCGA §§ 10-5-3; 10-5-5; 10-5-12 (thereby including violations of 10-5-12 (a) (1)) and 10-5-12 (d) (1) as these statutes existed prior to the July 1, 1986 amendments.

The indictment was based upon appellant's plan of obtaining investment money from Harvey Starr ("Starr"). Beginning in October 1983, Starr loaned appellant money for appellant's plans to publish a Born-Again Study Bible. Appellant represented himself as the president of Paul Benjamin Publishers, the publisher of the bible. Starr continued to make loans to appellant through September 1984, receiving promissory notes for the loans, which totaled between $58,000 and $65,000. Two repayment checks from appellant bounced, and one repayment of $500 was made; the rest of the money was not repaid to Starr. Starr was unaware that appellant had obtained large sums of money from many other investors to complete these bibles; that many of these investors had pursued legal action against appellant for the recovery of their money; that appellant's original supply of bibles had been seized in satisfaction of a judgment against him; and that appellant had filed for bankruptcy during the time he was obtaining money from Starr. A securities investigator for the Secretary of State testified at trial that in an interview with appellant, appellant stated to him that Paul Benjamin Publishers was not an active business, that although he had "test marketed" some sample bibles, he had not formally published any bibles and that he understood the loans he was obtaining to be personal loans to him so that he could "decide to go to the moon or the Bahamas or whatever with personal loans." Starr testified at trial that he had no understanding that the money he was lending appellant was to be used by him for personal purposes.

Appellant appeals the jury verdict, the sentence and the denial of his motion for a new trial. Appellant raises 22 enumerations of error; however appellant's arguments and citations of authority in his brief relate to only 13 of those enumerations. Thus, the other enumera-

tions, which are not supported in the brief by citation of authority or argument shall be deemed to have been abandoned. Court of Appeals Rule 15 (c) (2). In his pro se brief, appellant presents six substantive arguments which encompass the remaining 13 enumerations. Herein, we will address the six substantive legal arguments raised by appellant in his brief.

1. Appellant first argues that the prosecution against him should have abated due to the 1986 repeal and reenactment of OCGA § 10-5-12. On July 1, 1986, Section 12 was repealed in its entirety and replaced with a new Section 12, without the inclusion of a saving clause. Section 12 (a) (1), which made it "unlawful for any person . . . to offer to sell or to sell any security in violation of Code Section 10-5-3, 10-5-5, or 10-5-19 or any rule, regulation, or order promulgated or issued by the commissioner under this chapter" was continued verbatim into the new Section 12. Section 12 (d) (1), which made it "unlawful for any person in connection with the offer, sale, or purchase of any security, directly or indirectly . . . to employ any device, scheme, or artifice to defraud" was included in the new Section 12 practically verbatim at Section 12 (a) (2) (A), which states "it shall be unlawful for any person . . . in connection with an offer to sell, sale, offer to purchase, or purchase of any security, directly or indirectly . . . to employ a device, scheme, or artifice to defraud." Sections 3 and 5 of the Securities Act of 1973, also charged in the indictment, were not repealed in the 1986 amendments.

Appellant cites *Robinson v. State*, 256 Ga. 564 (350 SE2d 464 (1986), for the proposition that "[w]hen a statute making described conduct a crime is repealed prior to final judgment on a conviction, the repeal ends the prosecution if the legislature has not provided otherwise in a saving clause." *Robinson*, supra at 565. However, this court, in *Barrett v. State*, 183 Ga. App. 729 (360 SE2d 400) (1987), acknowledged that "a saving clause is not the only mechanism by which a prosecution might be validated" after the law which was in effect when the conduct was committed has been repealed. *Barrett*, supra at Division 1 (a). If there is a "clear 'demonstration of (legislative) intent' [cit.] that prosecution of the conduct . . . under the former law should not abate with the re-defining of the crime," *Barrett*, supra, then abatement will not be upheld. In *Barrett*, such legislative intent was demonstrated because the conduct at issue had not ceased to be a crime despite the redefinition in the statute. The same is true in this case. The conduct with which appellant was charged and convicted was not decriminalized at any time during the various redefinitions of the statute. Therefore, the prosecution did not abate. See *State v. Benzaquen*, 184 Ga. App. 392 (361 SE2d 503) (1987).

2. Appellant next argues that the indictment charging violations of OCGA §§ 10-5-3 and 10-5-5 failed because it did not state that the

activities charged were not exempt transactions. Since the statutes at issue describe offenses generally applicable to all persons or to all persons in certain categories and the exemptions provided limits to the operation of the statutes, the issue of exemptions is "merely [a] matter of defense, and it is incumbent upon the defendant to prove that he falls into such exception, rather than upon the State to prove that he does not." *Flynn v. State*, 88 Ga. App. 52, 57 (3) (76 SE2d 38) (1953). The indictment did not fail. Similarly, appellant's argument that the State failed to prove at trial the non-exempt nature of the transactions is without merit. OCGA § 10-5-22 places the burden of going forward with the evidence of a claim of exemption on the person claiming the exemption. Appellant did not meet this burden. The record reveals that appellant's only attempt to raise this issue involved appellant's testimony in which he offered his interpretation of the law but involved no evidence that the exemption applied. Appellant's contention that OCGA § 10-5-22 is unconstitutional was not included in his enumerations of error, only argued in his brief, therefore it will not be considered here. *Bowen v. State*, 191 Ga. App. 760 (382 SE2d 694) (1989). Further, such an argument finds exclusive jurisdiction with the Supreme Court of Georgia. Ga. Const. 1983, Art. VI, Sec. VI, Par. II. As to appellant's argument that he is not a "dealer" under OCGA § 10-5-3, we agree with appellee that the evidence at trial was sufficient for a jury to find appellant was a salesman pursuant to OCGA § 10-5-2 (a) (25) so that appellant's argument that he is not a "dealer" is immaterial.

3. Appellant next contends that neither the indictment, the proof at trial, nor the jury instructions were sufficient on the issue of the wilfulness or the intent of appellant's actions. OCGA § 10-5-24 requires the State to prove that appellant wilfully violated the statutes. The indictment so charged. The trial court's instruction that wilful means knowingly and intentionally committing the acts that constituted the violation was not in error. Further, the evidence at trial was sufficient to support the verdict that appellant was guilty of wilfully, i.e., knowingly and intentionally, selling unregistered securities when he was also unregistered and of employing a device to defraud. Evidence at trial of previous investment plans attempted by appellant showed his awareness of registration requirements, and testimony at trial indicated that appellant treated his deals as personal loans although his investors were never so informed. This argument of appellant has no merit.

4. Appellant also argues that he was denied his right to effective assistance of counsel. The record shows that appellant rejected the first attorney that was appointed to represent him, and when appellant moved for the appointment of another attorney, a hearing was held, after which the trial court issued an order that appellant did no

meet the income standards of indigence and denied appellant appointed counsel. Appellant contends that despite his non-indigent status, the court erred in not appointing an attorney since he in reality could not afford the large fees demanded by lawyers for a complicated securities case. Appellant cites no authority supporting this relative standard for a right to counsel which is based upon the type and complexity of the case involved. Appellant had a right to appointed counsel only if he were determined to be indigent. See OCGA § 17-12-4 et seq. We find no merit in appellant's contention.

5. Appellant's argument that the State failed to prove venue in Gwinnett County also fails. "OCGA § 10-5-15 specifies venue for violations of the Georgia Securities Act of 1973 . . .: 'For the purposes of venue for any . . . criminal action under this chapter, any violation of this chapter . . . shall be considered to have been committed in any county in which any act was performed in furtherance of the transaction which violated the chapter.' " *Thayer v. State*, 189 Ga. App. 321, 322 (1) (376 SE2d 199) (1988). The testimony of Starr at trial clearly shows that the acts of appellant in furtherance of the charged transactions were committed at the home of Starr, in Gwinnett County.

6. Contrary to appellant's contentions, the prosecution was not barred by the statute of limitation. The four-year limitation period applicable to appellant's case does not include any period in which the perpetrator of the crime or the crime is unknown. OCGA § 17-3-2 (2). "The knowledge placed at issue by OCGA § 17-3-2 (2) is the knowledge of the State, which knowledge includes that imputed to the State through the knowledge not only of the prosecution, but also includes the knowledge of someone interested in the prosecution, or injured by the offense. [Cit.]" *Duncan v. State*, 193 Ga. App. 793, 794 (389 SE2d 365) (1989). Starr's testimony indicates that the earliest he became aware that a crime may have been committed was in early December 1984, when he began efforts to collect on the loans, the last of which had been made in September 1984. Starr testified that he went to the prosecutor in December 1984 or January 1985. The indictment was returned in February 1988, well within the four-year period.

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

### On Motion for Rehearing.

In his motion for rehearing, appellant, who has now retained counsel, first argues that the trial court erred in determining that appellant was not indigent and in failing to appoint counsel for him. After a review of the hearing on appellant's indigence, it is clear to us that appellant did not meet the standards of indigence. Appellant and his wife reported a sizable income on their tax return, and appellant,

who is college educated, had been free on bond since the indictment was returned, thus able to secure extra income for his defense. See *Boles v. State*, 178 Ga. App. 508 (3) (343 SE2d 729) (1986). "[I]t is only indigent defendants for whom the trial court must appoint counsel." *Burnett v. State*, 182 Ga. App. 539, 540 (356 SE2d 231) (1987). The court did not err in failing to appoint counsel. Appellant next asserts that the court erred in failing to warn appellant of the dangers of proceeding to trial pro se. After a review of the transcripts of all the pre-trial hearings, it is again clear to us that appellant was in fact warned by the court of the dangers of proceeding pro se, and consequently this argument of appellant has no merit.

Appellant also asks the court to consider an enumeration of error that was not raised at trial or enumerated in the initial appeal. In light of appellant's pro se status at trial and on appeal, we will consider the contention of error on this motion for rehearing. Appellant asserts that the court's charge to the jury was fatally flawed because the court did not charge the jury on OCGA § 10-5-12 (a) (2) (A), which makes it unlawful for any person "[i]n connection with an offer to sell, sale, offer to purchase, or purchase of any security, directly or indirectly . . . [to] employ a device, scheme, or artifice to defraud." Appellant was indicted on the predecessor to this statute and was convicted of violating it on several counts. Appellant contends that, pursuant to OCGA § 5-5-24 (c), there was "a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made" thereto. In fact, no objection on this basis was made to the court's charge. "To constitute harmful error within the meaning of [OCGA § 5-5-24 (c)], an erroneous charge or failure to charge must result in a gross injustice, such as to raise a question as to whether the appellant has been deprived of a fair trial." *Hamrick v. Wood*, 175 Ga. App. 67, 68 (2) (332 SE2d 367) (1985). We have carefully reviewed the court's charge. The court read all the charges under the indictment and the detailed factual basis for each charge. As to the charges under OCGA § 10-5-12 (a) (2) (A), the facts giving rise to charges of fraud were clearly stated. The court also in his charge defined all the legal terms and the state of mind involved in the charges against appellant. Considering the charge as a whole, the jury did not lack instructions to determine if OCGA § 10-5-12 (a) (2) (A) had been violated. We do not feel that appellant was deprived of a fair trial. Also, contrary to appellant's assertions, appellant was given a chance to make objections to the court's charge and while appellant did make certain objections, the one considered herein was not made. For the reasons stated herein, the motion for rehearing is denied.

DECIDED FEBRUARY 6, 1991 — REHEARING DENIED MARCH 13, 1991 — REHEARING DISMISSED MARCH 22, 1991 — ▮▮▮▮▮▮▮

Roy E. Greenhill, Sr., *pro se.*
Thomas C. Lawler III, District Attorney, George P. Shingler, Senior Assistant Attorney General, for appellee.