## S99A0502. HANSON v. THE STATE.
(518 SE2d 111)

FLETCHER, Presiding Justice.
Scott William Hanson was indicted for felony possession of less than one ounce of marijuana. Hanson moved to dismiss the indictment on the ground that the legislature had repealed the felony offense of possession of one ounce or less of marijuana. The trial court denied Hanson's motion to dismiss and this Court granted certiorari after the Court of Appeals of Georgia denied Hanson's interlocutory application to appeal.[1] Because the legislature expressly repealed the law under which Hanson is being prosecuted and did not include a savings clause, we reverse.

Hanson was arrested on March 20, 1997, for possession of less than one ounce of marijuana. Based on the court of appeals' interpretation of OCGA § 16-13-2 (2) (b) in *Williams v. State,*[2] Hanson was

---

[1] *Hanson v. State,* No. A98I0347 (application denied July 14, 1998).
[2] 222 Ga. App. 698 (475 SE2d 667) (1996).

indicted for felony possession. In *Williams*, the court of appeals held that a person who has a previous conviction for possession of one ounce or less of marijuana may not be charged with a second misdemeanor if she is arrested subsequently for possession of one ounce or less.[3] Effective April 29, 1997, however, the legislature amended OCGA § 16-13-2 in order to "restore the law of this state to that which was generally understood to be the law prior to [*Williams*]."[4] Under the amendment, possession of one ounce or less of marijuana is indictable and punishable only as a misdemeanor. Therefore, Hanson is being prosecuted for a crime that no longer exists — felony possession of less than an ounce of marijuana.

In *Robinson v. State*,[5] this Court held that the repeal of a criminal statute abated prosecutions that had not reached a final disposition. The general assembly may prevent abatement of pending prosecutions by including a savings clause in the repealing legislation.[6] The legislature did not include a savings clause in amending OCGA § 16-13-2. Instead, it clearly expressed its intent that possession of less than an ounce of marijuana is a misdemeanor offense.[7] Therefore, the trial court erred in denying Hanson's motion to dismiss the indictment against him for felony possession of less than an ounce of marijuana.

*Judgment reversed. All the Justices concur, except Hunstein, Carley and Thompson, JJ., who dissent.*

CARLEY, Justice, dissenting.

The majority holds that an indictment must be dismissed because the General Assembly made a change in the punishment to be imposed against one convicted of the crime charged in the indictment. As this result is not logical or supported by precedent, I dissent.

A distinction must be drawn between criminal conduct and the punishment which is authorized upon a criminal conviction. The abatement of the prosecution in *Robinson v. State*, 256 Ga. 564 (350 SE2d 464) (1986) was based upon the statutory alteration of the very *definition* of the crime of trafficking so as to distinguish it from other drug-related offenses. *Bassett v. Lemacks*, 258 Ga. 367, 370-371 (2) (370 SE2d 146) (1988). On the other hand, it is clear that a prosecution may continue where the language of the indictment meets both the redefinition of the crime charged and the former definition. *Nichols*

---

[3] Id.

[4] Ga. L. 1997, p. 1377.

[5] 256 Ga. 564 (350 SE2d 464) (1986).

[6] Id. at 565.

[7] Ga. L. 1997, p. 1377.

*v. State*, 186 Ga. App. 314, 317 (3) (367 SE2d 266) (1988).

In this case, there has been no redefinition of the offense charged. Possession of one ounce of marijuana remains a criminal act under the laws of this state. The only change has been a decrease in the level of punishment for the commission of that crime. In cases such as this, "it is generally held that an offender who violated the statute at the time it carried the heavier penalty may be punished under the amended law; . . . the amendment does not serve to free him from all punishment." 1 Lafave & Scott, Substantive Criminal Law § 2.5 (a), p. 150 (1986). Even where a statutory amendment increases the punishment, "it seems clear that the legislature can hardly have intended by its amendment that the conduct in question should no longer be prosecuted (the rationale of the common law rule of repeal). . . ." 1 Lafave & Scott, supra at § 2.5 (a), p. 150. See also *Searcy v. State*, 162 Ga. App. 695, 698 (2) (291 SE2d 557) (1982). If every statutory alteration in the punishment for a crime were to result in the dismissal of all pending prosecutions for that crime, then the General Assembly could never amend sentencing provisions for fear of a flood of dismissals.

Moreover, even if the statutory definition of the offense charged had been altered, dismissal of the indictment against Hanson would not necessarily be required. Under the generally recognized simultaneous-repeal-and-reenactment exception to the common law rule of abatement, "if what was criminal under the repealed statute is also encompassed within the new law, which perhaps carries a different offense label, then prosecution under the repealed statute is permissible." 1 Lafave & Scott, supra at § 2.5 (a), p. 150. Even absent a savings clause, the prosecution of an offense which preceded the repeal of a statute will not abate if there is a contrary legislative intent. *State v. Benzaquen*, 184 Ga. App. 392, 393 (361 SE2d 503) (1987). Such an intent is clearly demonstrated here by the fact that the conduct for which Hanson was indicted was and is statutorily proscribed. *Greenhill v. State*, 199 Ga. App. 218, 219 (1) (404 SE2d 577) (1991). He is charged with possession of less than one ounce of marijuana, and to suggest that he has been indicted for "felony" possession of the amount of contraband is to confuse the prosecuted act with the punishment which could be imposed upon conviction. Furthermore, the General Assembly explicitly stated its intent to restore the law to where it stood prior to *Williams v. State*, 222 Ga. App. 698 (475 SE2d 667) (1996). Nothing in the amended legislation even implies any intent to grant a "pardon" to those who previously violated the law by possessing less than one ounce of marijuana. Because the majority opinion fails to recognize the General Assembly's clear intent to restore the law to its pre-*Williams* status, I dissent.

I am authorized to state that Justice Hunstein and Justice Thompson join in this dissent.

DECIDED MAY 3, 1999 —
RECONSIDERATION DENIED MAY 28, 1999.

*Lenzer & Lenzer, Thomas P. Lenzer, Robert W. Lenzer,* for appellant.

*Daniel J. Porter, District Attorney, Dawn H. Taylor, Assistant District Attorney,* for appellee.