S08A1853. IN THE INTEREST OF D. H., a child.
(673 SE2d 191)

CARLEY, Justice.

Two police officers responded to an anonymous tip about two young men involved in a possible drug deal at a gas station. The

officers did not see anyone at the station, but they saw D. H. and D. I. walking on a nearby street. The young men matched the description provided by the tipster, so the officers stopped their car in front of them, got out and asked where they were coming from. When the young men said they were coming from the gas station, the officers asked if they could search them, and both D. H. and D. I. consented. In D. H.'s pants pocket, the officers found rolling papers commonly used for smoking and they found less than an ounce of marijuana in D. I.'s pocket. D. H. and D. I. admitted that they had just bought the marijuana from someone at the gas station for $15 and that they were planning to smoke the marijuana at a nearby construction site. The police officers issued citations to the young men, who were both 15 years old, and released them to their parents at the scene.

A delinquency petition was filed charging D. H. with possession of less than an ounce of marijuana. D. H. filed a general demurrer challenging the constitutionality of OCGA § 16-13-2 (b), which was cited in the petition. At the hearing on the demurrer, the juvenile court judge orally announced that he was overruling the demurrer. Thereafter, based on stipulated facts, the judge found D. H. delinquent for possessing less than one ounce of marijuana. D. H. appeals from the adjudication of delinquency, invoking this Court's exclusive appellate jurisdiction in cases in which the constitutionality of a law has been drawn into question. See Ga. Const. Art. VI, Sec. VI, Par. II (1); *Jenkins v. State*, 284 Ga. 642, 643 (1) (670 SE2d 425) (2008).

1. D. H. contends that the evidence is insufficient to support the finding of delinquency because he never possessed the marijuana, which was in the sole possession of D. I. This contention is without merit.

> "Possession of contraband may be joint or exclusive, and actual or constructive." [Cit.] "A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it." [Cits.]

*Herberman v. State*, 287 Ga. App. 635, 637 (1) (653 SE2d 74) (2007).

D. H. did not have actual possession of the marijuana. However, he did have joint constructive possession of the marijuana, as proved by the stipulated evidence that he had in his pocket rolling papers to smoke the marijuana, and that both he and D. I. admitted that they had just bought the marijuana and were headed to a construction site to smoke it. " '(J)oint constructive possession with another will sustain [an adjudication of delinquency] for possession of contra-

band.' [Cit.]" *Waters v. State*, 280 Ga. App. 566, 567 (634 SE2d 508) (2006). Accordingly, the evidence was sufficient to authorize the juvenile court, as the trier of fact, to find proof beyond a reasonable doubt that D. H. possessed less than an ounce of marijuana and, thus, committed a delinquent act. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. D. H. further contends that the juvenile court erred in upholding the stop and search of him because it was based on an uncorroborated anonymous tip that did not provide the police with reasonable suspicion.

> There are at least three types of police-citizen encounters: "verbal communications that involve no coercion or detention; brief 'stops' or 'seizures' that must be accompanied by a reasonable suspicion; and 'arrests,' which can be supported only by probable cause." [Cit.] "A first-tier encounter never intrudes upon any constitutionally protected interest, since the purpose of the Fourth Amendment is not to eliminate all contact between police and citizens, but simply to prevent arbitrary and oppressive police interference with the privacy and personal security of individual citizens." [Cit.] In accordance therewith, during such an encounter, an officer "may approach citizens, ask for identification, and freely question the citizen without any basis or belief that the citizen is involved in criminal activity, as long as the officers do not detain the citizen or create the impression that the citizen may not leave. . . . So long as a reasonable person would feel free to disregard the police and go about his business, the encounter is consensual and no reasonable suspicion is required." [Cit.]

*Lucas v. State*, 284 Ga. App. 450, 452 (644 SE2d 302) (2007). Here, the contact between the police and D. H. prior to the discovery of the marijuana was a first-tier consensual encounter that involved no coercion or detention, and thus did not have to be supported by reasonable suspicion. According to the officer who testified at the suppression hearing, she and her partner did not say or do anything to make D. H. feel that he was not free to leave. Rather, they stopped their car, approached D. H. and D. I., and asked for consent to search. D. H. neither testified at the hearing nor presented any other evidence contradicting the officer's description of the encounter. " '(M)erely approaching an individual and requesting that he give his consent for a search does *not* constitute a seizure and need *not* be supported by an articulable suspicion. . . .' [Cit.]" (Emphasis in original.) *In the Interest of S. B.*, 207 Ga. App. 60, 62

(427 SE2d 52) (1993). Because there was no unlawful seizure, the juvenile court did not err in denying D. H.'s motion to suppress.

3. D. H. claims that the trial court erred in failing to hold that OCGA § 16-13-2 (b) is unconstitutional. OCGA § 16-13-2 (b) provides that

> any person who is charged with possession of marijuana, which possession is of one ounce or less, shall be guilty of a misdemeanor and punished by imprisonment for a period not to exceed 12 months or a fine not to exceed $1,000.00, or both, or public works not to exceed 12 months.

D. H. argues that the "shall be guilty" language of the statute violates constitutional due process by creating a mandatory presumption of guilt. That argument, however, ignores the clear legislative intent of the statute.

The cardinal rule of statutory construction is to look for the intention of the General Assembly. OCGA § 1-3-1 (a); *Johnson v. State*, 267 Ga. 77, 78 (475 SE2d 595) (1996). In ascertaining the true intention of the legislature, nothing is more pertinent than the legislature's own declaration of the purpose of the act. *Jackson v. Delk*, 257 Ga. 541, 543 (3) (361 SE2d 370) (1987); *Bennett v. State*, 252 Ga. App. 451, 454 (2) (557 SE2d 29) (2001).

With regard to OCGA § 16-13-2 (b), the General Assembly expressly declared its intent:

> [I]t is the intent of the General Assembly to restore the law of this state to that which was generally understood to be the law prior to the decision of the Court of Appeals in *Williams v. State*, 222 Ga. App. 698 [(475 SE2d 667) (1996)] . . . , such that possession of one ounce or less of marijuana is a misdemeanor . . . .

Ga. L. 1997, pp. 1377, 1379, § 4. Both this Court and the Court of Appeals have recognized this clear expression of legislative intent and have construed OCGA § 16-13-2 (b) as meaning that possession of one ounce or less of marijuana is indictable and punishable only as a misdemeanor, not as a felony. See *Hanson v. State*, 271 Ga. 145, 146 (518 SE2d 111) (1999); *Hicks v. State*, 228 Ga. App. 235, 237 (1) (b) (494 SE2d 342) (1997).

"[T]he literal meaning of the statute prevails unless such a construction would produce unreasonable or absurd consequences not contemplated by the legislature. [Cit.]" *Johnson v. State*, supra. The literal construction of OCGA § 16-13-2 (b) proposed by D. H. would result in the absurd consequences that any person charged

with misdemeanor possession of marijuana would not be presumed innocent and the State would not have any burden of proof. Instead, the accused would automatically be deemed guilty of the offense merely by virtue of the accusation. Such absurd consequences obviously were not contemplated by the legislature, and we will not construe the words of the statute in such an unreasonable way. "The words of a statute should be given a reasonable and sensible interpretation to carry out the legislative intent and render the statute valid. [Cit.]" *Cox v. Barber*, 275 Ga. 415, 416 (1) (568 SE2d 478) (2002). Therefore, we interpret the statute, as we have before, to render it valid and carry out the legislative intent of establishing that possession of an ounce or less of marijuana is a misdemeanor.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 26, 2009 —
RECONSIDERATION DENIED FEBRUARY 23, 2009.

*Carlisle & McClurg, Christopher C. McClurg*, for appellant.
*Daniel J. Porter, District Attorney, Sandra B. Cook, Assistant District Attorney*, for appellee.